UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STANLEY CATCHINGS, <br>     Petitioner, <br><br> v. <br><br><br> KESS ROBERSON, Warden <br>     Respondent. | Case No. 14-1081 |

## ORDER & OPINION

This matter is before the Court on Petitioner Stanley Catchings's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and his Motion to Request Counsel (Doc. 14).[1] In his Petition, Catchings alleges two grounds for relief. First, he alleges that his trial counsel provided him with ineffective assistance when she advised him to reject a plea offer. Second, he alleges that he was denied the right to a fair trial and sentence. After Respondent filed a Motion to Dismiss (Doc. 7) on the ground that Petitioner had not exhausted state court remedies with respect to his second claim, Petitioner abandoned it and elected to proceed with only his first. (Doc. 11). Respondent filed an answer on July 30, 2014 (Doc. 13), to which Petitioner filed a Response on August 25, 2014. (Doc. 15).

---

[1] Petitioner also filed a Motion for Status (Doc. 16) in which he indicated he had sent materials to the Court on August 20, 2014 and noted he had not received any proof that it had been filed. The Court received Petitioner's Motion to Request Counsel (Doc. 14), which was mailed to the Court on August 20, 2014, and also received Petitioner's Response to Respondent's Answer (Doc. 15) on the same day. Petitioner did not request any relief in this Motion. It is therefore denied as moot.

As explained below, the Petition is denied. Although the State appellate court improperly applied *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), its ultimate conclusion that the botched plea offer did not implicate Petitioner's Sixth Amendment rights was correct. Therefore, Petitioner is not entitled to habeas relief because his Constitutional rights were not violated.

**BACKGROUND**

After a stipulated bench trial, Petitioner was convicted of one count of unlawful possession of between 100 and 400 grams of cocaine with intent to deliver and sentenced to ten years of imprisonment to be served at 75%. He is currently incarcerated at the Lincoln Correctional Center in Lincoln, Illinois, where he is in the custody of Warden Kess Roberson.

This Petition concerns events that occurred prior to the stipulated bench trial, during a conference involving Petitioner's trial counsel, the prosecutor, and the trial judge held pursuant to Illinois Supreme Court Rule 402, which allows for court-supervised plea bargain negotiations. During the 402 conference, the State offered a plea agreement in which Petitioner would plead guilty to one count of unlawful possession of between 100 and 400 grams of cocaine with intent to deliver and be sentenced to eight years of imprisonment. At that time, both the State and Petitioner's trial counsel believed that the count's sentencing range was six to 30 years, with the possibility of 50% good time credit. As it turns out, Illinois prescribes a sentencing range of six to 30 years when the amount of cocaine at issue is between fifteen and 100 grams. *See* 720 Ill. Comp. Stat. 570/401(a)(2)(A). But Illinois prescribes a sentencing range of nine to 40 years when the amount of

cocaine at issue is between 100 and 400 grams. Petitioner rejected the State's offer under the mistaken belief that he was subject to the lesser sentencing range.

The State's offer was contingent upon Petitioner not filing a motion to suppress the State's evidence. After Petitioner unsuccessfully moved to suppress evidence, he agreed to proceed to a stipulated bench trial on the cocaine count, where he was found guilty. During sentencing, the State notified the Court that it had discovered that the offense's sentencing range was higher than it originally thought. The trial court subsequently sentenced Petitioner to ten years of imprisonment.

Petitioner exhausted his state court remedies on the ineffective assistance claim. He directly appealed his sentence, and argued that but for his counsel's ineffective assistance he would have accepted the State's plea offer and never proceeded to trial. The appellate court analyzed Petitioner's claim pursuant to the Supreme Court's decisions in *Strickland v. Washington*, 466 U.S. 668 (1984) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). It concluded that although Petitioner's counsel's performance was deficient, Petitioner was not prejudiced by the deficient performance because the offer was void as a matter of law. The court later concluded that Petitioner's right to effective assistance of counsel during plea bargaining was not implicated. (Ex. A, Doc. 7-1, at 4-5). Petitioner filed this petition on March 7, 2014, after the Illinois Supreme Court denied his petition for leave to appeal on September 25, 2013.

## LEGAL STANDARDS

A federal district court may hear a petition for writ of habeas corpus relief by a person in state custody only on the grounds that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner must "fairly present" each claim by including both the controlling operative facts and legal principles at each level of the state court system. *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014); *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009).

A federal court may not grant relief on claims that have been adjudicated on the merits by state courts unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or rested on an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Accordingly, a petitioner must show that the state court's ruling on his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).

A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law" as stated in Supreme Court decisions, or "confronts a set of facts that are materially indistinguishable from" those of a prior Supreme Court case and yet reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is not contrary to federal

law if it identifies and affirms the principles of the relevant Supreme Court precedent. *Price v. Vincent*, 538 U.S. 634, 640 (2003).

To be an "unreasonable application" of federal law, the state court determination must be more than simply incorrect, it must be unreasonable as that term is widely understood in the law. *See Williams*, 529 U.S. at 410-11. A state court's application of federal law is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997). Further, "it is not an unreasonable application of clearly established federal law for a state court to decline to apply a specific legal rule that has not been squarely established" by the Supreme Court. *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (internal quotation marks omitted).

## DISCUSSION

In this case, the state appellate court addressed the merits of Petitioner's Sixth Amendment Right to Counsel claim, and the Illinois Supreme Court denied leave to appeal. Therefore, this Court must review the appellate court's decision to determine whether it is contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d). Because the parties do not dispute any material facts, the Court need not consider whether the appellate court's decision is based on an unreasonable determination of the facts in light of the evidence presented. *Id.*

The Supreme Court has addressed the application of Constitutional rights to plea bargaining. Criminal defendants do not have a Constitutional right to enter into a plea bargain. *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). However, the

5

Supreme Court has held that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel in choosing whether to accept a plea offer or reject a plea offer. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel); *Lafler v. Cooper*, 132 U.S. 1376, 1386 (2012) (holding that the two-part *Strickland v. Washington* test applies when criminal defendants reject plea bargains based on ineffective assistance of counsel and are subsequently convicted and sentenced).

A criminal defendant establishes ineffective assistance of counsel when he can show that during a critical stage of a criminal proceeding, his counsel's performance fell below an objective standard of reasonableness and that, but for this deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S.at 688, 694. In *Lafler*, the Supreme Court applied the *Strickland* test to rejected plea offers. It held that in order to show prejudice,

> [A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

132 S Ct. at 1385.

The state appellate court correctly identified *Strickland* and *Lafler* as the controlling Supreme Court decisions, and its opinion was therefore not contrary to clearly established federal law. *See Price v. Vincent*, 538 U.S. 634, 640 (2003).

6

However, the court's application of *Lafler* was not reasonable. The state court concluded that Petitioner received deficient legal advice but did not establish prejudice under *Lafler* because the original offer was void under Illinois law. It concluded that, "[p]ractically speaking, there is not a reasonable probability that both: (a) the State would not have realized its mistake and withdrawn the offer; and (b) the court would not have realized the parties' mistake and accepted the offer and its void sentence." (Ex. A, Doc. 7-1, at 5). However, the State and trial judge did not learn of the correct sentencing range until sentencing. The appellate court notes that the trial judge "admonished defendant that count I was a Class X felony carrying a possible sentence of between 6 and 30 years' imprisonment" after the failed 402 conference, during Petitioner's jury waiver hearing. (*Id.* at 2). It was not until after the bench trial that the "State explained that it had recently discovered that the sentencing range for defendant's conviction was actually 9 to 40 years' imprisonment. . . ." (*Id.* at 3).

Therefore, it seems perfectly clear that had Petitioner accepted the plea offer, both the prosecutor and the judge would have accepted its terms and imposed a sentence less severe than the one Petitioner ultimately received. The trial judge said as much during the sentencing hearing, explaining, "It was going to happen that day. If he took eight, we would be long gone and nobody would realize that that was the wrong sentence range. It would have happened that day. Don't tell me it wouldn't." (Doc. 15 at 8). This is exactly what *Lafler* requires to establish prejudice. *See* 132 S Ct. at 1385.

However, the state appellate court also concluded that Petitioner's Constitutional rights were not even implicated by the rejected offer that could have led to a void plea bargain. It reasoned that a defendant's Constitutional right to counsel is "triggered only if and when the State chooses to initiate plea negotiations," and the protections "demand that counsel provide effective assistance in relation only to plea agreements actually offered by the State." (Ex. A, Doc. 7-1, at 5). It concluded that because the offer was void when it was made, Petitioner's right to counsel during plea bargaining did not have the opportunity to attach.

The appellate court was not just reasonable. It was undoubtedly correct. To see why, all one must do is attempt to apply the remedy dictated by *Lafler*. In *Lafler*, the Supreme Court concluded that "[t]he correct remedy . . . is to order the State to reoffer the plea agreement." 132 S. Ct. at 1391. The state court would then have the discretion to either vacate the conviction and resentence or leave the conviction undisturbed. *Id.* Here, the original offer was unacceptable as a matter of law because it fell below the sentencing range required by statute. *See People v. White*, 953 N.E. 2d 398, 403 (Ill. 2011) (holding that courts do not have authority to impose a sentence that falls below a statutory mandate). If the State reoffered its original offer, the court could not accept it. If the court, for some reason, accepted it, the conviction would be legally void and subject to challenge by Petitioner. *See id.*[2]

---

[2] In *White*, a trial court accepted a defendant's plea bargain and sentenced him without applying a statutorily mandated sentence enhancement. The Illinois Supreme Court concluded that the trial court was without authority to impose the sentence, which fell below the statutory minimum, and allowed the defendant to vacate his guilty plea. *Id.* at 405.

8

In this case, the fact that there is no available remedy follows from the fact that there was never a Constitutional violation. Legally, the original offer was as good as never offered. In order to provide the remedy that Petitioner requests, the State would need to change the terms of its offer. In his Response to Respondent's Answer, Petitioner requests that this Court "remedy this error by allowing the state [sic] reoffer the rejected negotiated plea of 8 yrs by amending the drug amount under a [sic] 100 grams which will remain a class X felony, but will validate the plea." (Doc. 15 at 4). Put another way, Petitioner is asking the Court to order that the State make him a new plea offer on terms that are legally acceptable rather than legally deficient.

As the state appellate court correctly recognized, Petitioner has no such Constitutional right to receive a new plea offer. *See Weatherford*, 429 U.S. at 561. In reaching this conclusion, the state court did not act contrary to or unreasonably apply controlling Supreme Court precedent. *See* 28 U.S.C. 2254(d). This result is unfortunate, but required. It is possible, perhaps even likely, that the prosecutor was committed to initially offering a sentence of eight years and would have made a plea offer based on a lesser charge in order to accommodate that. However, that would not remedy this situation and could not breathe life into the original plea offer. *See White*, 953 N.E.2d at 404 (noting that "intent of parties" does not control in such a situation when resulting agreement is contrary to statutory requirements). In order to accommodate the demands of Illinois' sentencing statute, the State would have needed to change the offer at the outset. Petitioner has no

Constitutional right to an amended offer, and therefore no available remedy. The Court must deny this Petition.

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner seeks appointment of counsel to assist with his Petition. (Doc. 14). Because the Court is dismissing Petitioner's claim, his pending motion seeking appointment of counsel is denied as moot.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "'something more than the absence of frivolity' or the existence of mere 'good faith'" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

Based on the record before it, the Court cannot find that reasonable jurists would debate that Petitioner's claims are meritless. Accordingly, a certificate of appealability is denied.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is DENIED. Petitioner's Motion for Appointment of Counsel (Doc. 14) and his Motion for Status (Doc. 16) are DENIED as moot. The Court DECLINES to issue a certificate of appealability.

CASE TERMINATED.

Entered this 10th day of November, 2014.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
